■ In the Matter of ANDREW D. AYEN, Appellant, v KIMBERLY S. SAIN et al., Respondents. [932 NYS2d 418]—

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order dismissing his petition seeking visitation with his daughter at the facility where he is incarcerated. Although we note at the outset that the notice of appeal recites an incorrect entry date for the order contained in the record and from which the father purports to appeal, we nevertheless exercise our discretion to treat the notice of appeal as valid inasmuch as all of the father's contentions on appeal concern the order contained in the record (*see Matter of Nicole J.R. v Jason M.R.*, 81 AD3d 1450, 1451 [2011], *lv denied* 17 NY3d 701 [2011]; *see generally* CPLR 5520 [c]). The father failed to preserve for our review his contention that he was deprived of a fair hearing based on judicial misconduct (*see generally Matter of Dove v Rose*, 71 AD3d 1411, 1412 [2010]; *Matter of August ZZ.*, 42 AD3d 745, 747 [2007]). We reject the further contention of the father that he was denied effective assistance of counsel. "The [father] failed to demonstrate that [he] was prejudiced by the alleged deficiencies in [his] attorney's performance" (*Matter of Nagi T. v Magdia T.*, 48 AD3d 1061, 1062 [2008]). Indeed, many of those alleged deficiencies were strategic decisions by the father's attorney that will not be second-guessed by this Court (*see Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351-1352 [2006], *lv denied* 7 NY3d 717 [2006]), and "the record reflects that [his] attorney 'provided meaningful and competent representation'" (*Nagi T.*, 48 AD3d at 1062). Present—Fahey, J.P., Carni, Sconiers, Gorski and Martoche, JJ.